IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CRIM-23 |
| | ) | |
| | ) | Case No. 1:23-CV-81 |
| JULIAN VILLAR. | ) | |

**MEMORANDUM OPINION**
on
**Motion to Vacate Sentence**

This matter is before the Court on a motion to vacate sentence under 28 U.S.C. § 2255, filed by pro se Defendant Julian Villar. ECF No. 51. In response to the motion, the Government filed a preliminary[1] response to the motion. ECF No. 53. Defendant has filed a Reply. ECF No. 54.

On January 13, 2020, Villar pleaded guilty to one-count of violating 18 U.S.C. § 751(a), failure to appear to continue service of a criminal sentence. On May 12, 2020, Villar was sentenced to 18 months incarceration, to be served consecutively to any other discharged term of imprisonment to which he is subject. ECF No. 39. In his motion, he argues that his conviction and sentence should be vacated due to the ineffective assistance of both trial and appellate counsel.

---

[1] The Government's preliminary response raises only the timeliness of the motion to vacate.

Mr. Villar's motion to vacate sentence is untimely because it was filed outside the one-year statute of limitations.[2]

Under 28 U.S.C. § 2255, a federal prisoner may collaterally attack an otherwise final sentence if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was imposed in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Petitioners bear the burden of demonstrating the right to relief under the statute. *Randle v. United States*, 954 F.Supp.2d 339, 349 (E.D. Pa. 2013).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations period for § 2255 motions that runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "When a direct appeal is decided, a conviction becomes final when the ninety (90) days to file a petition for certiorari expires." *United States v. Teed*, 2020 WL 2042341, at *3 (W.D. Pa. 2020) *citing Clay v. United States,* 537 U.S. 522, 527, 532 (2003).

Mr. Villar's judgment and sentence were affirmed by a panel of the United States Court of Appeals for the Third Circuit on December 3, 2021. *United States v. Villlar*, 2021 WL 5755076 (3d Cir. Dec. 3, 2021); *see also* ECF No. 48. He did not file a petition for writ of certiorari with the Supreme Court. So then, because he did not seek review in the Supreme

---

[2] A district court must order an evidentiary hearing in a federal habeas case if a defendant's § 2255 allegations raise an issue of material fact. *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and the records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Here, no hearing is necessary to determine the timeliness of the motion.

Court, Mr. Villar's conviction became final on March 3, 2022 (ninety (90) days after December 3, 2021). Under the law, in order to have been timely filed, Villar needed to have filed his motion to vacate by March 3, 2023. He did not. Instead, the present motion to vacate was filed on March 22, 2023[3]. Accordingly, the motion is time barred by the statute of limitations.

In his short reply brief, Mr. Villar asks this Court not to dismiss his untimely motion for two reasons. First, he cites his confusion between the date of the Court of Appeals' judgment (December 3, 2021) and its mandate (December 27, 2021). Second, he argues that although his motion to vacate was ready for filing on February 27, 2023, the law library at his institution did not have a working copier between late February and March 16, 2023. While the "doctrine of equitable tolling permits untimely habeas filings in 'extraordinary situations,'" (*Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998), it should only be "granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair." *Coker v. United States*, 2016 310751, at *4 (D.N.J. Jan. 26, 2016). Neither of Villar's arguments rise to the level of extraordinary circumstances to overcome the time bar of AEDPA.

Mr. Villar's excuses for his late filing do not qualify as the type of extraordinary circumstance that would toll the deadline. First, confusion between the dates is not an excuse for an untimely filing. *Borgesano v. United States*, 2021 WL 2021 WL 2879696, at *5 (11th Cir. July 9, 2021) ("Both the Supreme Court and this Court have held repeatedly that legal confusion or a mistake in calculating AEDPA's statute of limitations period – whether the result of counsel error or pro se error – does not warrant equitable tolling."). Second, as to the non-working copier at the institution, Mr. Villar, knowing he was approaching his deadline, could have filed the

---

[3] The motion was dated March 16, 2023 (*see* ECF No. 50, page 16; *see also* ECF No. 50-2, page 10), and the mailing envelope indicates it was mailed on March 20, 2023 (*see* ECF No. 50-1, page 1). Both of these dates are also beyond the statute of limitations.

original of his petition without copies. No copies are required by the Court. *See generally, U.S. v. Thomas*, 713 F.3d 165, 175 (3d Cir. 2013) ("Although his transfer to state custody may have made it more difficult to file a timely § 2255 motion, increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances.").

In order to pursue an appeal from a final order in a § 2255 proceeding, a petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability "may issue only upon 'a substantial showing of the denial of a constitutional right.'" *Michael v. Horn*, 459 F.3d 411, 418 n.9 (3d Cir. 2006) *quoting* 28 U.S.C. § 2253(c)(2). The Supreme Court has explained:

> When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruing… Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Henry v. Smith*, 2017 WL 2957819, at *10 (E.D. Pa. July 10, 1997) *quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Mr. Villar's claims are procedurally time-barred by the AEDPA's one-year statute of limitations. The procedural bar is present in the instant case, so reasonable jurists would not conclude that he "should be allowed to proceed further." *Id*.

Accordingly, the motion to vacate sentence is denied and no certificate of appealability will issue.

*[signature]*
SUSAN PARADISE BAXTER
United States District Judge